**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWIN RICHARDSON, | Civil No. 08-324 (WJM) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| THOMAS SULLIVAN, |  |
| Respondent. |  |

**APPEARANCES:**

    EDWIN RICHARDSON, #58329/637241A, Petitioner Pro Se
    Bayside State Prison
    Leesburd, New Jersey  08327

**William J. Martini, District Judge**

Petitioner EDWIN RICHARDSON (hereinafter "Petitioner"), currently confined at Bayside State Prison, Leesburg, New Jersey, filed a pro se application (hereinafter "Application") seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and submitted his filing fee. See Docket Entry No. 1.  The application consists of: (a) six-page-long petition (hereinafter "Petition"), see Docket Entry No. 1-2; (b) ten-page-long memorandum of law (hereinafter "Memorandum:), see Docket Entry No. 1-3; and (c) six-page-long appendix (hereinafter "Appendix"), see Docket Entry No. 1-4, consisting of copies of the documents involved in Petitioner's previous litigations in this District.

I.  **PETITIONER'S PREVIOUS LEGAL ACTIONS**

Since it appears that Petitioner's instant Application is related to his previous litigations in this District, this Court finds it appropriate to begin this Opinion with an overview of Petitioner's previous legal actions.

On July 9, 2007, Petitioner executed his first § 2254 petition filed with this District.  See Richardson v. Sullivan, 07-3162 (DMC) (hereinafter Richardson-I"), Docket Entry No. 1.  This first petition indicated that,

> [u]pon entering plea of nolo contendere, Petitioner was convicted for murder and sentenced to a life sentence by the Superior Court of New Jersey, Law Division, on July 13, 1976.  After Petitioner appealed either his conviction or his sentence to the Superior Court of New Jersey, Appellate Division, the Appellate Division affirmed his conviction and sentence, and the Supreme Court of New Jersey denied him certification on September 19, 1978.[1]  On a date unclear from the face of [Petitioner's first petition], Petitioner filed an application . . . requesting re-sentencing pursuant to N.J.S.A. 2C:1-1(d)(2), which was denied by the Superior Court on December 6, 2005. . . . [T]he Superior Court of New Jersey, Appellate Division, denied Petitioner's appeal on November 13, 2006, and the Supreme Court of New Jersey denied Petitioner certification on June 15, 2007.

Richardson v. Sullivan (Richardson-I, 07-3162, Docket Entry No. 3), 2007 U.S. Dist. LEXIS 66925, at *1-2 (D.N.J. Sept. 10, 2007) (citations omitted).  This first petition asserted four grounds, namely,

---

[1] Apparently, Petitioner's first petition was silent as to the grounds raised by Petitioner during his direct appeal.

2

     (a)   Petitioner [was] held unlawfully in custody on an illegal sentence because Petitioner's sentence was in excess and in violation of maximum punishment allowed under the law;
     (b)   Petitioner was subject to an illegal plea bargain;
     (c)   Petitioner [was] eligible to be re-sentenced under [N.J.S.A. 2C:1-1(d)(2)]; and
     (d)   Petitioner was denied his rights under the Equal Protection Clause because the difference in . . . Petitioner's sentence in ratio to proportion of that of his co-defendant's is incredible, unjustifiable, and unexplained.

Id. at *2-3 (original brackets omitted).

    Judge Cavanaugh, presiding over the Richardson-I matter, examined Petitioner's first petition and determined that: (1) "[f]or the purposes of Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976, Petitioner's statute of limitations [to seek a writ of habeas corpus appeared to be] expired" and these challenges appeared to be unexhausted; (2) "Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing . . . appear[ed] to be both timely and duly exhausted in the state courts." Id. at *8, 12. Since, pursuant to Habeas Rule 2(e), Judge Cavanaugh could not address, within the same legal action, Petitioner's challenges to his originally imposed term of imprisonment and the separate and much later decision to deny Petitioner re-sentencing, Judge Cavanaugh preserved Petitioner's challenges to denial of re-sentencing in the Richardson-I matter and directed the Clerk to open a new § 2254 matter for Petitioner (Richardson v. Sullivan, 07-4332 (DMC), hereinafter "Richardson-

3

II") for the purposes of entertaining Petitioner's challenges to his original term of imprisonment. See id. at *12.

Addressing Petitioner's challenges to denial of re-sentencing raised in Richardson-I matter, Judge Cavanaugh found as follows:

> Petitioner's challenge with respect to the . . . decision to deny Petitioner's request for resentencing does not merit habeas relief. Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law . . . . "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. . . ." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985). Petitioner's challenge with respect to the . . . decision to deny Petitioner's request for resentencing does not assert a violation of federal law. . . . In no ambiguous terms, Petitioner asserts that he disagrees with the . . . application of state law N.J.S.A. 2C:1-1(d)(2). However, Petitioner's claims based on state law are not cognizable under § 2254. [See] Engle, 456 U.S. at 120 n.19. Moreover, it would be futile to allow Petitioner to amend his challenge with respect to the . . . decision to deny Petitioner's request for re-sentencing by injecting constitutional language since "errors of state law cannot be repackaged as federal errors." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997); Hochman v. New Jersey Supreme Court, 1990 U.S. Dist. LEXIS 11328 (D.N.J. Aug. 27, 1990). . . . Therefore, Petitioner's challenge with respect to the .

> . . . decision to deny Petitioner's request for resentencing will be dismissed.

Richardson v. Sullivan, 2007 U.S. Dist. LEXIS 66925, at *13-16.

Consequently, Judge Cavanaugh dismissed Petitioner's state-law based challenges to the denial of resentencing, denied Petitioner certificate of appealability and directed the Clerk to close the file on the Richardson-I matter. See id. at *17. However, with respect to Petitioner's Richardson-II matter, Judge Cavanaugh directed Petitioner to show cause as to why Petitioner's challenges to the original term of imprisonment imposed in 1976 should not be dismissed as time-barred or for failure to exhaust state court remedies. See id. at *18-19. In response to Judge Cavanaugh directions, Petitioner filed a request to withdraw his first petition, and that request was granted by Judge Cavanaugh on September 27, 2007. See Richardson-II (07-4332), Docket Entry No. 2.

## II.  **PETITIONER'S INSTANT ACTION**

About four months later, Petitioner filed the instant Application. See this matter, Docket Entry No. 1. Petitioner elaborated on his claims in his Petition, as well as in his Memorandum. Specifically, in his Petition, Petitioner asserted the following two Grounds:

(1) GROUND ONE. Equal Protection Under the 14th Amendment of the U.S. Constitution. [P]ursuant to 2C:1-1[(]d[)](2), [P]etitioner is eligible for a review of his sentence,

5

      but was denied by the Resentencing Panel, Appellate Division and State Supreme Court, despite constitutional protection of equal protection.

(2) GROUND TWO. Denied Due Process under 14th Amendment of U.S. Constitution. Denied Due Process inconsistent with 14th Amendment on Petition for Review of Sentence, pursuant to 2C:1-1[(]d[)](2).

Pet. ¶ 12.

    In his lengthy Memorandum, Petitioner appears to further elaborate on his Ground One, i.e., equal protection claim, but addressed it with respect to the imposition of his original term of imprisonment, i.e., the issue addressed by Judge Cavanaugh in Richardson-I.  See generally, Mem.  Specifically, Petitioner discusses the process of his and his co-defendant's sentencing and asserts that the shorter sentence imposed upon his co-defendant, read in light of Petitioner's life sentence, violates Petitioner's equal protection rights.  See id. at 2-9.  In addition, Petitioner briefly skirts the issue of an alleged breach of his plea bargain agreement: he enters two sentences asserting that his prosecutor requested a harsher sentence for Petitioner in violation of the terms of Petitioner's nolo contendere plea agreement.  See id. at 3.  No statement made in Petitioner's Memorandum, however, elaborates on his Ground Two, i.e., that he was "[d]enied [d]ue [p]rocess inconsistent with 14th Amendment on Petition for Review of Sentence, pursuant to 2C:1-1[(]d[)](2)."  Compare Pet. ¶ 12 to Mem.

6

### III. **PETITIONER'S CHALLENGES TO HIS ORIGINAL SENTENCE**

It appears apparent from the statements made in Petitioner's Ground One of his Petition and the entirety of his Memorandum that Petitioner challenges the original term of imprisonment imposed upon him in 1976. See Pet. ¶ 12, Mem.  In other words, these challenges are effectively identical to those allocated by Judge Cavanaugh to the Richardson-II matter, Civil Action No. 07-4332, i.e., the action where: (a) Judge Cavanaugh, in no ambiguous terms directed Petitioner to show cause as to why his two-decades old challenge should not be dismissed as time-barred and/or unexhausted, and (b) Petitioner filed an application for voluntary withdrawal, which was granted by Judge Cavanaugh.

While Petitioner's instant action clearly revives the challenges Petitioner previously withdrew, no statement made in his Petition or his Memorandum addresses Judge Cavanaugh's threshold inquiry set forth in Judge Cavanaugh's order to show cause as to why Petitioner's challenges should not be dismissed as time-barred or unexhausted.  See generally, Pet., Mem.  Rather, Petitioner submissions simply ignore this issue.  In view of Petitioner's silence, read in light of Judge Cavanaugh's unambiguous guidance, this Court presumes that Petitioner can neither show basis for equitable tolling of his equal protection and breach of plea bargain claims, nor duly exhausted these allegations in the state

courts.  This Court, therefore, dismisses both claims as time barred and unexhausted, regardless of whether they might have any merit[2] and denies Petitioner certificate of appelability.[3]  However,

---

[2]

The Court notes, in passing, that Petitioner's equal protection claim is clearly without merit, regardless of whether or not it is timely or exhausted. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.  However, as stated by the Third Circuit, "[a] criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants." United States v. Smith, 839 F.2d 175, 179 (3d Cir. 1988); see also United States v. McKinney, 53 F.3d 664, 678 (5th Cir. 1995) ("It is well settled that an appellant cannot challenge his sentence based solely on the lesser sentence given to his co-defendants"); United States v. Womack, 985 F.2d 395 (8th Cir. 1993) ("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own"); United States v. Cifuentes, 863 F.2d 1149, 1156 n.5 (3d Cir. 1988) (collecting cases).  By contrast, an inmate might have a viable claim based on his prosecutor's breach of plea bargain agreement. See Dunn v. Colleran, 247 F.3d 450 (3d Cir. 2001).  In Dunn, a petitioner inflicted grievous injuries on his infant son.  In exchange for his plea of nolo contendere, the prosecutor promised to recommend a minimum sentence within the standard guideline range.  At sentencing, however, the prosecutor did not mention a minimum sentence but argued, instead, for a lengthy term of incarceration. The Court of Appeals concluded that the prosecutor did not adhere to the terms of the plea agreement and found that the state court unreasonably applied clearly established federal law when it determined that the prosecutor did not breach the agreement, since the federal law did not allow the prosecutor to unilaterally repudiate her promise.  See id.

[3]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to
(continued...)

the Court cannot rule out the possibility that Petitioner: (a) due to his lack of legal savvy, failed to recognize that his equal protection challenges, as well as the challenges based on the alleged breach of plea bargain agreement, were directly attacking Petitioner's original term of imprisonment imposed in 1976; (b) might have actually presented all (or some of) these challenges to all levels of the state court; and (c) might have a sufficient basis for equitable tolling covering the period from April 24, 1996, to the date of filing of the instant Petition. See Richardson v. Sullivan, 2007 U.S. Dist. LEXIS 66925, at *8 n.2 (explaining the effect of enactment of the Anti-Terrorism and Effective Death Penalty Act on the calculation of Petitioner's period of limitations). This Court, therefore, expressly notifies Petitioner that, in the event Petitioner wishes to allege a basis for equitable tolling and to assert that his challenges to his original term of imprisonment were duly exhausted, Petitioner may file,

---

[3](...continued)
deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Jurists of reason would not find the Court's procedural disposition of this case debatable in view of Judge Cavanaugh express guidance and Petitioner's following complete silence as to the issues of timeliness and exhaustion of state remedies. Accordingly, no certificate of appealability will issue.

within ten days from the date of entry of the Order accompanying this Opinion, Petitioner's request for reconsideration detailing to this Court why his challenges should not be dismissed as untimely and unexhausted.[4]

### IV. **PETITIONER'S CHALLENGES TO DENIAL OF RESENTENCING**

Finally, this Court turns to Petitioner's statements made in his Ground One and addressing the issue of resentencing, as well as to Petitioner's Ground Two consisting of the single-sentence allegation that he was "[d]enied [d]ue [p]rocess inconsistent with 14th Amendment on Petition for Review of Sentence, pursuant to 2C:1-1[(]d[)](2)."  Pet. ¶ 12.  It appears apparent that Petitioner's claims based on § 2C:1-1(d)(2) are duplicative of those addressed by Judge Cavanaugh in Richardson-I and dismissed by Judge Cavanaugh for failure to allege a violation of federal law.

---

[4] If Petitioner is not clear as to whether or not he sufficiently exhausted state court remedies, Petitioner may limit the relevant part of his motion for reconsideration to a mere statement that Petitioner has no sufficient information with respect to that matter; this Court, in such case, would direct Respondent to provide the Court with records of Petitioner's state proceedings.  Petitioner, however, must carefully detail his grounds for equitable tolling, and so so in accordance with the guidance provided to him by Judge Cavanaugh, see Richardson v. Sullivan, 2007 U.S. Dist. LEXIS 66925, at *9-11 (detailing the standard applicable to equitable tolling claims), since it is Petitioner--and Petitioner only--who is the person in possession of the information that may serve as a basis for equitable tolling.

The case quoted by Judge Cavanaugh, Hochman v. New Jersey Supreme Court, 1990 U.S. Dist. LEXIS 11328 (D.N.J. Aug. 27, 1990), exhaustively examined the issue. In Hochman, the plaintiff, an inmate convicted of murder, in violation of N.J.S.A. § 2A:113 (i.e., the same statute under which conviction was rendered to Petitioner in the instant matter), and sentenced, in 1979, to mandatory life imprisonment, alleged violations of his Fifth, Sixth and Fourteenth Amendment rights, specifically the Due Process, Equal Protection and ex post facto Clauses. Same as Petitioner here, the Hochman plaintiff based his claims on the fact that in 1979, the State implemented a new comprehensive criminal justice code, N.J.S.A. § 2C:1-1, et seq. (hereinafter "the Code"). "The Code provide[d] that a person serving a custodial sentence under pre-Code law [could] petition to have that sentence reconsidered . . . if the person was 'sentenced to a maximum term which exceeds the maximum established by the code for such an offense.'" State v. Maguire, 84 N.J. 508, 511 (1980). However, on December 2, 1980, the New Jersey Supreme Court held that "no one now serving a mandatory life sentence for murder under former law [was] entitled to reconsideration of that sentence under the resentencing provisions of the Code . . . ." Id. at 511. In other words, the sentences of inmates like Petitioner (and like the Hochman plaintiff) were deemed not subject to reduction under N.J.S.A. § 2C:1-1, and the following resentencing proceedings kept so finding.

The <u>Hochman</u> plaintiff, consequently, sued alleging that the <u>Maguire</u> decision, being a precedential opinion of the highest court in the State, effectively assured denial of resentencing for those originally sentenced to life imprisonment under N.J.S.A. § 2A:113, hence depriving the inmates so sentenced of due process protections.

The <u>Hochman</u> court disagreed, stating that,

> [r]educed to its essence, the complaint before the Court expresses only plaintiff's disagreement with the New Jersey Supreme Court's interpretation of a New Jersey statute. Indeed, a close reading of the complaint reveals nothing other than explicit disagreement with the [New Jersey] Supreme Court's interpretation of N.J.[S.A]. § 2C:1-1(d)(2), as delineated in <u>Maguire</u>. Nor, can the complaint be construed as a general challenge to the constitutionality of that statute as interpreted. It contains no language suggesting that N.J.[S.A.]. § 2C:1-1(d)(2) is unconstitutional. Plaintiff has failed to assert a controversy requiring this Court's decision. He merely asks the Court to reinterpret a state statute that has already been interpreted by the [S]tate's highest court. This the Court cannot do. Federal courts must accept interpretations of state law made by a state's highest court. [See] <u>Hortonville Joint School Dist. No.1 v. Hortonville Educ. Ass'n</u>, 426 U.S. 482, 488 (1976); <u>Groppi v. Wisconsin</u>, 400 U.S. 505, 507 (1971). No right exists under the [F]ourteenth [A]mendment to a correct determination of state law. [See] <u>Jones v. Superintendent of Rahway State Prison</u>, 725 F. 2d 40, 43 (3d Cir. 1984). <u>Maguire</u> is the New Jersey Supreme Court's interpretation of the language of the New Jersey State Legislature.

<u>Hochman</u>, 1990 U.S. Dist. LEXIS 11328, at *9-10.

Here, same as in <u>Hochman</u> and in <u>Richarson-I</u>, Plaintiff's Ground One references to the state courts' decisions denying him resentencing, as well as his Ground Two allegations that he was

"[d]enied [d]ue [p]rocess inconsistent with 14th Amendment on Petition for Review of Sentence, pursuant to 2C:1-1[(]d[)](2)," Pet. ¶ 12, present no federal challenge.  Rather, Plaintiff is challenging his state court's decision to follow the Maguire precedent, i.e., the continue with the Maguire interpretation of the language of the New Jersey State Legislature.  Challenges to state interpretations of state statute, however, fall outside this Court's federal jurisdiction.  See Richardson v. Sullivan, 2007 U.S. Dist. LEXIS 66925, at *15-16 ("this Court may not review a final determination of the New Jersey Supreme Court.  Review of such decisions . . . can only be obtained from the United States Supreme Court pursuant to a writ of certiorari.  See 28 U.S.C. § 1257(a). . . . A United States District Court may not entertain an appeal from judgments of the highest court of a state.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)") (quoting Hochman, 1990 U.S. Dist. LEXIS 11328, at *7-10).

Consequently, Petitioner's Ground One references to the state courts' decisions denying him resentencing, as well as his Ground Two challenges with respect to the same, will be dismissed as wholly duplicative to those examined by Judge Cavanaugh in Richardson-I and dismissed by Judge Cavanaugh for failure to allege a violation of the United States Constitution or a federal provision.

13

**V.     CONCLUSION**

For the foregoing reasons, Petitioner's challenges to his original term of imprisonment will be dismissed as untimely and for failure to exhaust state court remedies. A certificate of appelability will not issue. Petitioner, however, may file, if he so desires, a motion for reconsideration; such motion shall be filed within ten days from the date of issuance of the Order accompanying this Opinion and *shall explain why Petitioner's challenges to his original term of imprisonment imposed in 1976 are both timely and duly exhausted in the state courts*.

Petitioner's challenges to denial of resentencing will be dismissed as duplicative to Petitioner's allegations asserted--and disposed of--in Richardson-I.[5]

An appropriate Order accompanies this Opinion.

s/William J. Martini

**WILLIAM J. MARTINI**
**United States District Judge**

Dated: 3/6/08

---

[5] This Court sees no reason to sever these duplicative challenges into a separate § 2254 matter. In addition, it appears self-evident that Judge Cavanaugh decision to deny Petitioner certificate of appelability, see Richardson v. Sullivan, 2007 U.S. Dist. LEXIS 66925, at *17, is applicable with equal force to Petitioner's duplicative challenges infused into this matter.