**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                          |   |                          |
|--------------------------|---|--------------------------|
| EDWIN RICHARDSON,        | : | Civil No. 08-324 (WJM)   |
|                          | : |                          |
| Petitioner,              | : |                          |
|                          | : | **MEMORANDUM**           |
| v.                       | : | **OPINION**              |
|                          | : | **AND**                  |
| THOMAS SULLIVAN,         | : | **ORDER**                |
|                          | : |                          |
| Respondent.              | : |                          |

**IT IS APPEARING THAT:**

1. On January 16, 2008, the Clerk received Petitioner's application for a writ of habeas corpus ("Petition"). See Docket Entry No. 1.

2. On March 7, 2008, this Court issued an order ("March Order") and accompanying opinion ("March Opinion") dismissing the Petition and notifying Petitioner of certain factual information that Petitioner could, if he so desired, bring to the Court's attention by filing a motion for reconsideration within ten days from the date of entry of the March order. See Docket Entries Nos. 2 and 3.

3. On March 18, 2008, the Clerk received a letter from Petitioner notifying the Court that Petitioner would file his motion for reconsideration within thirty--rather than ten--days from the date of entry of the March Order. See Docket Entry No. 4.

4.  Three months passed by, but no motion for reconsideration was received. However, on June 24, 2008, the Clerk received another letter from Petitioner inquiring about the Court's decision as to his motion for reconsideration and notifying the Court that such motion was, apparently, forwarded to the Court on April 8, 2008. See Docket Entry No. 5.

5.  Since Petitioner's June 24, 2008, letter suggested that Petitioner's motion for reconsideration might have been lost in the mail, the Court issued an order, dated June 26, 2008, allowing Petitioner another thirty days to re-submit his motion for reconsideration. See Docket Entry No. 6.

6.  On July 14, 2008, the Clerk received Petitioner's motion for reconsideration. See Docket Entry No. 7. The motion is a twenty-six-page submission, the first fourteen pages of which are dedicated to what appears to be Petitioner's memorandum in support of the motion. See id. The memorandum, a philippic filled with sporadic factual and legal arguments, suggests that Petitioner disagrees with the legal rationale of the Court's decision. See id.

7.  This discussion requires a brief summary of the Court's March Opinion. See Docket Entry No. 2. The Court's March Opinion opened up with an outline of Petitioner's previous litigation in this District. See id. at 2-5. The Court noted that, prior to filing of his instant Petition, Petitioner already

filed a § 2254 application ("DMC Petition"); that matter was presided by Judge Dennis M. Cavanaugh. See id. at 2. Judge Cavanaugh determined that Petitioner's challenges in the DMC Petition were a juxtaposition of two independent § 2254 petitions, one of which was attacking Petitioner's conviction and original sentencing, while another was addressing an entirely different proceeding, during which Petitioner was denied re-sentencing. See id. at 3. Judge Cavanaugh, therefore: (a) presumed that Petitioner's intent was to file two separate § 2254 petitions, one challenging Petitioner's conviction and original sentencing, while another challenging the denied re-sentencing; and (b) severed the his § 2254 proceedings into two separate § 2254 actions. See id. With respect to the action based on Petitioner's challenges to denial of re-sentencing, Judge Cavanaugh concluded that the action involved only state law challenges and, thus, dismissed that action for failure to state a federal question. See id. at 4-5. With respect to the action based on Petitioner's challenges to his conviction and original sentencing, Judge Cavanaugh noted that such § 2254 petition appeared to be both untimely and unexhausted. See id. at 3. Judge Cavanaugh clarified to Petitioner that, since the DMC Petition was silent as to the issues raised by Petitioner on his direct appeal from his conviction and original sentence, Judge

3

       Cavanaugh had no immediate means to establish whether Petitioner's challenges were duly exhausted. See id. at 2, n. 1. However, finding this uncertainty curable by an order directing respondents to produce Petitioner's record on direct appeal, Judge Cavanaugh was even more concerned with the fact that Petitioner's 1976 conviction became final ninety days after Petitioner was denied certification by the Supreme Court of New Jersey in 1978. See id. at 2-3. Since Petitioner's one-year limitations period began on April 24, 1996 (because his conviction became final prior to April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")), and his limitations period expired, absent statutory or equitable tolling, on April 23, 1997, Judge Cavanaugh directed Petitioner to show cause why his challenges to his conviction and original sentencing should not be dismissed as time-barred (and, also, as unexhausted in the event these challenges were not made part of Petitioner's appeal or application for post-conviction reief). See id.

8. After so outlining Petitioner's previous litigation, the Court took notice of two facts: (a) in response to Judge Cavanaugh order to show cause, Petitioner withdrew his DMC Petition with respect to his challenges to his conviction and original sentencing; and (b) the instant Petition was duplicative of the DMC Petition, i.e., it nearly identically juxtaposed

4

      Petitioner's challenges to his conviction and original sentencing and the challenges to the proceedings which resulted in denial of re-sentencing. See id. at 5-13.

9. Addressing Petitioner's challenges to the denial of re-sentencing (which were dismissed by Judge Cavanaugh for failure to state a federal claim), this Court dismissed these challenges as duplicative.[1]  However, since Petitioner's instant Petition indicated his sincere confusion as to the legal reasoning employed by Judge Cavanaugh and, specifically, as to Judge Cavanaugh's reliance on Hochman v. New Jersey Supreme Court, 1990 U.S. Dist. LEXIS 11328 (D.N.J. Aug. 27, 1990), this Court: (a) did not construe Petitioner's attempt

---

[1] By means of AEDPA, Congress intentionally created a series of restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).  One such intentionally restrictive gate-keeping condition is AEDPA's strict and short statute of limitations, created by 28 U.S.C. § 2244(d). Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called "second or successive rule", created by 28 U.S.C. § 2244(b), which generally forbids a litigant from filing a § 2254 habeas if that litigant had at least one previous § 2254 habeas that was "dismissed after adjudication of the merits of the claims presented," see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), which means either: (a) a dismissal after a consideration on the merits; (b) a dismissal on the grounds of the statute of limitations; or (c) a dismissal on grounds of procedural default.  Here, Judge Cavanaugh dismissed Petitioner's challenges to re-sentencing proceedings on merits, which barred Petitioner from re-raising this issue in before a district court absent Third Circuit's leave to file such second/successive challenge.

to re-litigate the issue of the denial of his re-sentencing as Petitioner's attempt to abuse the writ; and (b) provided Petitioner's with an elaboration on the holding of <u>Hochman</u>.

10. Then, turning to Petitioner's challenges to his conviction and original sentencing, the Court noted that Petitioner's rather voluminous instant § 2254 application raised a multitude of substantive issues but wholly ignored Judge Cavanaugh's explanation that Petitioner's submission appeared to be time-barred, that is, unless Petitioner could provide valid grounds for either equitable or statutory tolling covering--with respect to the instant Petition--the period from April 23, 1997, to the date of his filing of the instant Petition, that is, January 16, 2008, <u>i.e.</u>, more than a decade. <u>See</u> Docket Entry No. 2, at 7-8. Moreover, since Judge Cavanaugh already issued Petitioner an order to show cause as to why his challenges to his conviction and original sentencing should not be dismissed as time-barred, this Court found it superfluous to issue another order to show cause to the same effect, concluding that Petitioner was duly warned about this shortcoming by Judge Cavanaugh's guidance. <u>See</u> <u>id.</u> This Court, therefore, dismissed Petitioner's challenges to his conviction and original sentencing as time-barred and denied him certificate of appelability, also noting, in passing, that

        Petitioner's challenges to original sentencing appeared to be without merit.  See id. at 8 and n.2.

11. However, this Court also noted that it could not exclude the possibility that Petitioner, lacking legal savvy, failed to connect the guidance provided to him in Judge Cavanaugh's order to show cause (with respect to the challenges to Petitioner's conviction and original sentencing stated in the DMC Petition) with the shortcomings of the instant Petition. The Court, therefore, concluded that it would be more prudent to allow Petitioner one more opportunity to state his grounds for either statutory or equitable tolling covering the period from April 23, 1997, to January 16, 2008, since--in the event Petitioner could actually show statutory tolling or state a valid basis for equitable tolling--Petitioner's challenges to his conviction and original sentencing would not be untimely. Id. at 8-9.  Moreover, the Court noted that, if Petitioner asserted that he raised either all or some of his challenges to his conviction and original sentencing in front of the state courts (by presenting them on direct appeal to the Appellate Division and by seeking certification from the Supreme Court of New Jersey, or by an application for post-conviction relief made to the Law Division, appealed to the Appellate Division, with an application for certification from the Supreme Court of New Jersey), his challenges would be duly

     exhausted.  See id.  The Court, therefore, granted Petitioner leave to file a motion for reconsideration.

12. Petitioner's motion for reconsideration indicates that Petitioner wholly misunderstood the scope of the leave granted.  His motion for reconsideration, heavily laden with Petitioner's statements indicating his disdain for the Court, is still void of any facts suggesting that Petitioner's challenges to his conviction and original sentencing are timely (or exhausted).  Petitioner offers the Court nothing but a potpourri of his legal conclusions that the law should be interpreted to mean that his § 2254 period of limitations had not even began run, that this Court should not raise the issue of timeliness sua sponte, that the burden of establishing exhaustion does not rest with Petitioner, etc. Moreover, Petitioner: (a) asserts that the Court erred in resolving the jurisdictional and procedural aspects of this matter prior to addressing the merits of Petitioner's claims; and (b) debates the observations made by Judge Cavanaugh as to the penal statute underlying Petitioner's conviction and applicability of the case law relied upon by Judge Cavanaugh.

13. There are four basic grounds upon which a motion for reconsideration may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence;

8

(c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to

reopen a case under Rule 59(e)." <u>Edward H. Bohlin, Co. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993).

14. Here, it is apparent that Petitioner's motion for reconsideration is based on nothing but Petitioner's disagreement with the Court's reading of the existing legal regime. Therefore, Petitioner's arguments that his challenges to his conviction and original sentencing are timely should be raised by means of appeal rather than by a motion for reconsideration. (Similarly, Petitioner's disagreement with Judge Cavanaugh's conclusions that Petitioner's challenges to his re-sentencing fail to state a federal claim should have been raised in Petitioner's appeal of that decision, not by means of attempting to re-litigate this issue before this Court without the Third Circuit's leave to file a second and successive petition to that effect.)

**THEREFORE, IT IS on this 8th day of September, 2008,**

**ORDERED** that Petitioner's motion for reconsideration is granted, in the sense that the Court examined the allegations made by Petitioner in his motion, see <u>Pena-Ruiz v. Solorzano</u>, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. June 10, 2008) (clarifying that a court's examination of the allegations made in a litigant's motion for reconsideration qualifies as grant of the motion, even if the court concludes that no error requiring reversal of the court's prior decision was committed); and it is further

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED, WITH PREJUDICE, as time-barred (with respect to Petitioner's challenges to his conviction and original sentencing), and as second and successive (with respect to Petitioner's challenges to his re-sentencing); and it is further

**ORDERED** that the Court reiterates its previous conclusion that no certificate of appealability will issue; and it is further

**ORDERED** that no order to show cause or leave to file another motion for reconsideration will issue, since Petitioner's instant motion for reconsideration verifies that such order to show cause or such leave would be wholly superfluous; and it is further

**ORDERED** that the Clerk shall serve a copy of these Memorandum Opinion and Order by regular mail U.S. upon Petitioner; and it is finally

**ORDERED** that the Clerk of the Court shall close the file on this matter.

s/William J. Martini

**WILLIAM J. MARTINI**
**United States District Judge**